**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION**

**MISAEL BAEZ,**

    **Plaintiff,**

                                     **CASE NO.:**

**v.**

**TUFFY ASSOCIATES CORP. d/b/a
TUFFY TIRE & AUTO SERVICE CENTERS,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Misael Baez ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Tuffy Associates Corp. d/b/a Tuffy Tire & Auto Service Centers ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violations of the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205 and for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. This court has pendant jurisdiction over Plaintiff's state law claims.

3. Venue is proper in this district because Defendant operates a business in Tampa, in Hillsborough County which is in this district.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates an auto service store in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCA, Fla. Stat. § 440.02(15)(a) and the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FWCA, Fla. Stat. § 440.02(16) and the FLSA.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

14. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

15. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

17. Plaintiff began working for Defendant as a Mechanic in July 2018, and he worked in this capacity until January 8, 2020.

18. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

19. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

20. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

21. On or about January 8, 2020, Plaintiff was injured at work. Specifically, Plaintiff injured when a tool he was putting away fell and hit a box cutter that went into the air and hit Plaintiff's eye causing a laceration to his eye.

22. Plaintiff's Supervisor, who is also the owner, Adam Bowland was present when the injury occurred.

23. On or about the same day, Plaintiff notified Defendant of the injury that he had suffered at work.

24. The laceration required surgery and Plaintiff was admitted in the hospital.

25. While in the hospital, another Mechanic contacted Plaintiff at the direction of Adam Bowland to inquire when he would be picking up his tools since he no longer worked there.

26. Defendant terminated Plaintiff while he was still in the hospital being treated for the injury.

27. Plaintiff attempted to file a workers compensation claim.

28. Under the FWCA, Plaintiff had a valid claim for benefits for the injury that he sustained at work.

29. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

30. On or about January 8, 2020, Defendant retaliated against Plaintiff for lawfully claiming benefits under the FWCA by terminating Plaintiff's employment.

## COUNT I – WORKERS' COMPENSATION RETALIATION

31. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 17, and 21-30 of this Complaint, as though fully set forth herein.

32. Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by terminating Plaintiff's employment.

34. Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue, and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

    d) Compensation for lost wages, benefits, and other remuneration;

  e)  Compensatory damages, including damages recoverable for emotional distress allowable at law; and

  f)  For such further relief as this Court deems just.

## COUNT I – FLSA OVERTIME VIOLATION

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

36. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

38. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

  g)  Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

  h)  Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

  i)  An amount equal to Plaintiff's overtime damages as liquidated damages;

  j)  To the extent liquidated damages are not awarded, an award of prejudgment interest;

  k)  A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

  l)  All costs and attorney's fees incurred in prosecuting these claims; and

  m)  For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of January, 2020.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**