UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION

MISAEL BAEZ,

    Plaintiff,

                              CASE NO.: 8:21-cv-00024-WFJ-AEP

v.

B&B OF FOWLER, INC.,

    Defendant.

_____/

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANT AND FOR ATTORNEYS' FEES AND COSTS

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, MISAEL BAEZ ("Plaintiff"), by and through undersigned counsel, moves for the entry of a Default Final Judgment against Defendant, B&B OF FOWLER, INC., ("Defendant"). In support thereof, Plaintiff states as follows:

## BACKGROUND

1.    On or about January 26, 2021, Plaintiff filed a complaint against Defendant alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205.

2.    On January 29, 2021, Defendant was served with a Summons and a copy of Plaintiff's Corrected Complaint, (Doc. 7) via its registered agent, Adam M. Bowman, at 17618 Shadyside Cir., Lutz, FL 33549.

3. Despite being served with a summons and a copy of Plaintiffs' Complaint, Defendant has failed to respond. As a result, Plaintiffs filed a Motion for Clerk's Default on March 12, 2021, (Doc. 14 & 16) and a Clerk's Default was entered on March 16, 2021 (Doc. 17 & 18).

4. Plaintiffs now file their Motion for Default Final Judgment and request that this Court enter a Default Final Judgment in their favor and against Defendants.

5. Attached is a proposed final judgment that includes the following awarded amounts against the Defaulting Defendant:

(a) $41,570;

(b) $6,000 for fees and costs; and

(c) applicable interest on damages and fees until the date all payments are made by the Defaulting defendant to Plaintiff.

6. Attached hereto as Exhibit A is the declaration supporting Plaintiff's damages; Exhibit B is Plaintiff's counsel's declaration supporting the attorney's fees and costs; and Exhibit C is a proposed final judgment.

## ARGUMENT

### I.  STANDARD FOR ENTERING DEFAULT JUDGMENT.

Rule 55 of the Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when Defendants fail to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default

judgment against the Defendants so long as the Defendants are not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the Defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

An evidentiary hearing on the appropriate amount of damages is not required by Rule 55, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011). Damages may be awarded when the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested.

*See Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Indeed, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See Smyth*, 420 F.3d at 1232 n.13.

Plaintiffs respectfully submit to this Court that no evidentiary hearing is necessary in this case as the Court already has all of the information needed in order to grant the relief sought by Plaintiff. Moreover, Plaintiff's declaration supplies the "essential evidence" that the Court would have used in a hearing to determine damages—namely, their sworn testimony. *Cf. Smyth*, 420 F.3d at 1233. For these reasons, a hearing on damages is not necessary. *See id.* at 1232 n.13.

## II. PLAINTIFF'S WELL-PLED ALLEGATIONS SUPPORT ENTRY OF A DEFAULT FINAL JUDGMENT.

### A. Jurisdiction.

The Court has subject matter jurisdiction over this case based on federal question jurisdiction under 28 U.S.C. § 1331 because the well-pleaded allegations of Plaintiffs' complaint seek relief against Defendant for violations of the FLSA. (Doc. 7, ¶ 2). The Court also has pendant jurisdiction over Plaintiff's state law FWCA claim. (Doc. 7, ¶ 2). Finally, this Court has personal jurisdiction over Defendant as Plaintiff's complaint alleges that Defendant operates a business in Tampa, in Hillsborough County, Florida (Doc. 7, ¶ 5), and employed Plaintiff at its Florida facility. (Doc. 7, ¶ 17).

### B. Count I – FLSA Overtime Violation.

An employee engaged in interstate commerce must be paid the premium rate for all hours he works over forty hours per week. 29 U.S.C. § 207(a)(1). In order to establish an overtime violation, a plaintiff must allege that 1) he was employed during the time period involved, 2) he was engaged in commerce or the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce, and 3) that the employer failed to pay the premium rate for hours worked over forty as required by law. *See Eleventh Circuit Pattern Jury Instructions – Civil 4.14* (2013). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the [FLSA]." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).

### 1. Plaintiff is a Covered Employee Pursuant to the FLSA.

A defaulting party is deemed to have admitted all well-pled allegations in the complaint. *Crowley Liner Servs. v. Transtainer Corp.*, Case No. 06-21995-CIV-O'SULLIVAN, [CONSENT CASE], 2007 U.S. Dist. LEXIS 37815, at *4 (S.D. Fla. May 24, 2007). As to whether a plaintiff was a covered employee under the FLSA, a plaintiff need only demonstrate: (1) that the Defendant employed him or her; and 2) that either (a) he was engaged in interstate commerce, or (b) Defendant is an enterprise engaged in interstate commerce. *See Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). As defined by the statute, and

subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is similarly broad, as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee". 29 U.S.C. § 203(d).

In the instant case, Plaintiff's Complaint contains all of the allegations required to state a claim under the FLSA for failure to pay Plaintiff the premium rate for his overtime. As described herein, Plaintiff identified the basis of the Court's jurisdiction –28 U.S.C. § 1331 and 28 U.S.C. § 1367. Paragraph 5 of Plaintiffs' operative Complaint alleges that Defendant does business in Hillsborough County, Florida and is subject to the requirements of the FLSA. In Paragraphs 9 and 10 of the Complaint, Plaintiff alleges that Defendant was, and continues to be an employer of Plaintiff pursuant to the FLSA, (Doc. 7, ¶¶ 9-10), and that Defendant employed Plaintiff at its Hillsborough County, Florida facility. (Doc. 7, ¶ 17).

Furthermore, Plaintiff's Complaint sufficiently alleges both individual and enterprise coverage under the FLSA. Here, Plaintiff alleges in his Complaint that, at all times material, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of Sections 6 and 7 of the FLSA, (Doc. 7, ¶ 11), that Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s), (Doc. 7, ¶ 12), that Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §

203(s), (Doc. 7, ¶ 12), and that Defendants' annual gross sales volume exceeded $500,000 per year. (Doc. 7, ¶ 13).

Finally, in Paragraphs 17-20, Plaintiff alleges that he was employed by Defendant from 2018 through January 2020, (Doc. 7, ¶ 17) and that Defendant willfully failed to properly compensate Plaintiff for hours that he worked at a rate that was at least commensurate with the premium rate for overtime, (Doc. 7, ¶¶ 17-20). These allegations are sufficient to state a claim for a violation of the FLSA. *See Gonzalez v. Unidad of Miami Beach, Inc.*, Case No. 11-20649-CIV-HUCK, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) ("This Court has previously held that a complaint alleging that Defendant's employees 'regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce,' and that Defendants 'was an enterprise engaged in commerce ... as defined by the FLSA,' was sufficient under the pleading standards of Rule 8(a)"). Therefore, as the Court accepts Plaintiff's factual allegations as true, Plaintiff has sufficiently alleged that Defendant was an employer, that Plaintiff was an employee of Defendant, and that Defendant failed to pay Plaintiff the premium rate for all hours that he worked over forty in any workweek.

### 2. Plaintiff Suffered Easily Calculable Damages of a Sum Certain Because of Defendant's Failure to Pay the Premium Rate for Overtime.

Plaintiff alleges that he worked hours at the direction of Defendant, and that he was not paid at least the applicable FLSA premium rate for all of the hours that he worked over forty in any workweek. (Doc. 7, ¶¶ 17-20). As Defendant has failed

to participate in this case, Plaintiff's Declaration (attached as Exhibit "A") is the best evidence of his hours worked. Such approximations of hours worked by an employee are acceptable when there are no time records available. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58 (2d Cir. 1997). "Inaccurate wage and hour information, however, is not always fatal to a claim for . . . overtime compensation under the [FLSA]. Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute [29 U.S.C. §211(c)], imprecise evidence on quantum can provide a 'sufficient basis' for damages." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980). "Under these circumstances, we have 'in effect ordered the fact finder to do the best he could in assessing damages.'" *Reeves*, 616 F.2d at 1351 *See also Anderson*, 328 U.S. at 687-88.

### C. Count II – Florida Worker's Compensation Retaliation Act

Florida's Workers' Compensation law provides, "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." § 440.205, Fla. Stat. To establish a prima facie case of workers' compensation retaliation, a plaintiff must show that: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between his claim for worker's compensation benefits and the adverse employment action. *Russell v. KSL Hotel Corp.,* 887 So.2d 372, 379 (Fla. 3d DCA 2004); *see also Williams v. Rec. Town, Inc.,* No. 8:08-

CV-502-T-24-MAP, 2009 WL 960096, at *3 (M.D. Fla. Apr. 6, 2009); *Caraballo v. Double L Enterprises, LLC*, No. 8:15-CV-2123-T-27AEP, 2016 WL 1084809, at *3 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted,* No. 815CV02123T27AEP, 2016 WL 1108977 (M.D. Fla. Mar. 18, 2016)

### 1. Plaintiff Engaged in Protected Activity.

Protected activity under Florida's Worker's Compensation Act includes conduct that precedes the actual filing of a worker's compensation claim. Florida's Fourth District Court of Appeal recently considered a similar scenario and found protected activity when an employee informs his employer of an injury and discusses the treatment. In *Salus v. Island Hosp. Fla. Mgmt., Inc.,* 289 So. 3d 926, 929 (Fla. Dist. Ct. App. 2020), the court stated that it was not fatal to the plaintiff's claim of retaliation that he did not file a formal claim for worker's compensation benefits until after his termination. In precision-like foresight, the court stated:

> Under the trial court's interpretation, an employer could circumvent section 440.205 by terminating employment *immediately after a workplace injury and before the employee even has a chance to file a claim for benefits.* A statutory provision should not be construed in such a way that leads to absurd results. *Giamberini v. Dep't of Fin. Servs.*, 162 So. 3d 1133, 1136 (Fla. 4th DCA 2015).

*Id.* at 929–30. {emphasis added}

Other circuits have notably come to the same conclusion. *See Hudson v. Wal-Mart Stores, Inc.*, 412 F.3d 781, 786 (7th Cir. 2005) (finding the fact that employee did not file for workers' compensation benefits before his termination was not fatal to his claim; otherwise, an employer could "preemptively terminat[e]

employees as soon as it caught wind that an injured employee was considering a claim"); *White v. Goodyear Tire*, 96 F.3d 1444 (5th Cir. 1996) ("[A]n employee can recover for retaliation for taking steps to collect a workers' compensation claim 'even when the employee was fired before filing a claim for compensation so long as the evidence shows that the employee took steps towards instituting a compensation proceeding.' ") (citation omitted); *Wright v. Fiber Indus., Inc.*, 60 N.C.App. 486, 299 S.E.2d 284, 287 (N.C. Ct. App. 1983) (noting that the applicable statute was "intended to prevent employers from firing or demoting employees in retaliation for pursuing their remedies under the Workers' Compensation Act" and that if the statute "were limited only to retaliatory acts which occurred after the employee filed his claim, an employer could easily avoid the statute by firing the injured employee before he filed").

*Salus* was recently cited in this district by Judge Scriven in *Goodman v. Fla. Pop, LLC.* "Instead, as *Salus* made clear, an employee 'attempt[s] to claim compensation'—and thus engages in protected activity—by simply 'notify[ing] his employer of the injury' and discussing with his employer the treatment he is receiving for that injury." No. 8:20-CV-340-MSS-AAS, 2020 WL 8970602, at *3 (M.D. Fla. Nov. 23, 2020) Thus, a plaintiff's report of a workplace injury to his employer and discussing his treatment satisfies the statute's requirement for seeking benefits.

Here, Plaintiff alleges the exact scenario the *Salus* court warned about. Plaintiff alleges that he was injured and is terminated on the very same day. (Doc.

7, ¶¶ 21, 30). And, much like *Salus*, Plaintiff alleges he informed his employer of his injury. (Doc. 7, ¶¶ 22, 23). Defendant terminated Plaintiff while he was in the hospital being treated for his injury. (Doc. 7, ¶ 26). Thus, Plaintiff sought worker's compensation benefits. (Doc. 7, ¶ 27)

### 2. Plaintiff Suffered An Adverse Employment Action.

Florida's worker's compensation law prohibits an employer from discharging an employee who seeks benefits under the statute. There can be no doubt here, that the Defendant discharged the Plaintiff. Therefore, as the Court accepts Plaintiff's factual allegations as true, Defendant discharged Plaintiff on the day of his injury. (Doc. 7, ¶ 25, 30). Thus, Plaintiff suffered an adverse employment action.

### 3. There is a Causal Connection Between His Claim for Workers' Compensation Benefits and the Adverse Employment Action.

A plaintiff can establish a causal relationship between her statutorily protected activity and an adverse employment action by showing a "close temporal proximity" between the two events. Jackson v. Agency for Persons with Disabilities Fla., 608 F. App'x 740, 743 (11th Cir. 2015). Although there is no bright line rule regarding how close the two events must be, the Eleventh Circuit has found temporal proximity when the adverse employment action occurred within a couple of months after the protected activity. *Williams v. Rec. Town, Inc.*, No. 8:08-CV-502-T-24-MAP, 2009 WL 960096, at *4 (M.D. Fla. Apr. 6, 2009) *citing Berman v. Orkin Exterminating Co., Inc.*, 160 F.3d 697, 702 (11th Cir.1998);

see also, *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir.2004) (noting that a period of one month between the protected activity and adverse action was "not too protracted" to establish a causal connection, but that a three-month lapse, standing alone, was insufficient).

In *Williams*, the causal connection was satisfied with only two weeks between the protected activity and the termination. The less than twenty-four hours here certainly satisfies the temporal proximity for causation. Plaintiff alleges that the Defendant terminated his employment while he was in the hospital bed still being treated for his injury. (Doc. 7, ¶¶ 25 – 26). Therefore, taking Plaintiff's well-pled allegations as true, he has satisfied the requirement for causation.

### III.  PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS.

As a result of Defendant's admittedly-willful failure to lawfully compensate Plaintiff, Plaintiff seeks an award of attorneys' fees in the amount of $5,600. Pursuant to the FLSA, an employer who fails to comply with the FLSA with respect to any employee is liable to such employee in a successful action for a reasonable award of attorneys' fees as determined by the Court. 29 U.S.C. § 216(b); *see Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (noting that 29 U.S.C. § 216(b) makes fee awards to prevailing plaintiffs mandatory). Accordingly, Defendant has failed to respond to this lawsuit, and as such, Plaintiff is the prevailing party in this case and an award of attorneys' fees and costs is justified.

Once the Court has determined that a party is entitled to fees, the Court next addresses the calculation of fees. The court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Parrot, Inc.*, 2010 U.S. Dist. LEXIS 16128, at *18-19 (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

Here, Plaintiff requests an award of attorneys' fees in the amount of Five Thousand and Six Hundred Dollars ($5,600). Plaintiff contends that the hourly rate requested comports with the prevailing market rates charged in similar cases

by attorneys with comparable skill, reputation, and experience and is thus reasonable.

Finally, Plaintiff seeks to recover $400 in costs, which is supported by a signed affidavit. Declaration of Brandon J. Hill, ¶ 8. Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The language of Rule 54 creates a presumption in favor of awarding costs to the prevailing party, which presumption the losing party must rebut. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow… costs of the action."11 29 U.S.C. § 216(b). In FLSA cases, courts may tax those costs permitted by 28 U.S.C. § 1920. The costs requested by the Plaintiff in this action constitute taxable costs pursuant to 28 U.S.C. § 1920 and therefore should be awarded. *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, at *15 (M.D. Fla. Aug. 11, 2008) (permitting an award of costs for, among other things, the filing fee); *Gomes*, 2007 WL 737584, at *5 (awarding the costs of the filing fee to a prevailing plaintiff in a FLSA action). Thus, Plaintiff seeks an award of Attorney's fees and costs in the amount of $6,000.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request a final default judgment be entered in favor of Plaintiff, and against Defendant, in the total amount of $47,570. A Proposed Order is attached as Exhibit "C".

**DATED** this 3rd day of May 2021.

        Respectfully submitted,

        */s/ Brandon J, Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 37061
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        **WENZEL FENTON CABASSA, P.A.**
        1110 North Florida Ave., Suite 300
        Tampa, Florida 33602
        Direct: 813-337-7992
        Main: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelson@wfclaw.com
        **Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May, 2021, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system and will be sent to all counsel of record. I further certify that I mailed a true and accurate copy of the foregoing document and the notice of electronic filing by U.S. First-Class Mail to the following non-CM/ECF participants: **Registered Agent Name &**

**Address: Adam M. Bowman, at 17618 Shadyside Cir., Lutz, FL 33549.**

*/s/ Brandon J, Hill*
**Brandon J. Hill**
